## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA 76ERS L.P., | : | Civil Action No.  04-CV-4972 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **MOTION TO COMPEL** |
| TRUSTMARK INSURANCE COMPANY, and | : | **ARBITRATION** |
| NEW JERSEY NETS BASKETBALL LLC, | : | (9 U.S.C. § 4) |
| | : | |
| Defendants. | : | |

Philadelphia 76ers L.P. (hereinafter the "76ers"), by and through its undersigned counsel, Cozen O'Connor, files this motion pursuant to the expedited procedures available under Federal Arbitration Act, 9 U.S.C. § 4, seeking an order directing Trustmark Insurance Company ("Trustmark") to arbitrate in a manner provided by the parties' arbitration agreement and in support thereof, avers as follows:

1.      On October  22, 2004, the 76ers filed their Complaint for Declaratory Judgment invoking the remedies available under the Federal Arbitration Act, 9 U.S.C. §4, and seeking an order requiring Trustmark to arbitrate in a manner provided in the parties' arbitration agreement. The 76ers filed their Amended Declaratory Judgment Complaint on October 25, 2004 (the "Amended Complaint").  A true and correct copy of 76ers' Amended Complaint is appended hereto, made a part hereof, and marked Exhibit "1."

2.      The Amended Complaint concerns the 76ers' Demand for Arbitration filed on September 1, 2004, against Trustmark with the American Arbitration Association ("AAA"). The 76ers' arbitration claim is about Trustmark's use of a fallacious misrepresentation claim that it expressly and intentionally waived against the 76ers, and Trustmark's wrongful, malicious and unjustified denial of the 76ers' claim for Total Temporary Disability ("TTD")

Dockets.Justia.com

Benefits submitted on or about January 14, 2004 with respect to its Insured Player, Todd MacCulloch, for an undisputed debilitating neurological condition that prevents him from performing as a professional basketball player. See 76ers' Demand For Arbitration and Statement of Claim, a true and correct copy of which is appended to the Amended Complaint and marked Exhibit "A."

       3.     The Certificate of Insurance issued by Trustmark, under which the 76ers' Demand for Arbitration was made, set forth the manner in which disputes arising from the insurance contract is to be resolved:

> **Arbitration:** Any dispute arising from the contract between the Policyholder, the NBA or any Club on the one hand and BWD or US on the other hand, shall be submitted to binding arbitration. The Commercial arbitration Rules of the American Arbitration Association shall apply, except with respect to selection of the arbitration panel and location.
>
> Each party to the arbitration shall select one arbitrator. A third independent arbitrator shall be selected by the first two arbitrators. Arbitration shall be held in a location agreed to by the parties. If no location can be agreed upon, arbitration shall be held at the then current main corporate office of the American Arbitration Association. If the American Arbitration Association is not in existence or its offices unavailable, arbitration shall be held at Our home office.
>
> The costs of arbitration shall be borne equally by all the parties thereto.

       4.     This arbitration provision contemplates bipartite arbitration under which each party (or parties sharing identical interests) is permitted to select a party arbitrator and the two party arbitrators then select a third neutral arbitrator.

       5.     Consistent with the bipartite arbitration procedure set forth in the Certificate of Insurance, the 76ers appointed Kenneth R. Feinberg, Esquire, as its party arbitrator on September 1, 2004. Trustmark filed its Answer to the 76ers' Demand For Arbitration on October 1, 2004, naming therein Michael Cooper, Esquire, as its party arbitrator. See Answer

of Trustmark Insurance Company to the Demand for Arbitration of Philadelphia 76ers LLP ¶13, a true and correct copy of which is appended to the 76ers' Amended Complaint and marked Exhibit "B." Mr. Feinberg and Mr. Cooper have selected the Honorable John S. Martin Jr. as the neutral arbitrator, and are ready to proceed pending clearance of any potential conflicts involving Judge Martin.

6.    Notwithstanding the bipartite nature of the arbitration procedure set forth in the parties' arbitration agreement, Trustmark has filed its own Demand for Arbitration against the 76ers and New Jersey Nets Basketball LLC (the "Nets"). A true and correct copy of Trustmark's Demand for Arbitration is appended to the 76ers' Amended Complaint and marked Exhibit "C." As against the 76ers, Trustmark sought rescission of the Certificate of Insurance on the basis of alleged misrepresentations in the Policy Application submitted by the Nets. Alternatively, Trustmark asserted claims for damages against the Nets in the event that it is required to pay the 76ers' claim for Temporary Total Disability Benefits. Thus, by virtue of the very nature of the relief sought in Trustmark's Demand for Arbitration, the interests of the 76ers and the Nets are clearly diverse.

7.    In addition to asserting claims against the 76ers and the Nets, Trustmark requested that the AAA consolidate its arbitration claim against the 76ers and the Nets with the arbitration claim submitted by the 76ers against Trustmark. See Trustmark's Demand for Arbitration ¶¶ 87-90.

8.    In a conference call with the AAA held on October 7, 2004, in connection with the 76ers' Arbitration Claim against Trustmark, the 76ers objected to the consolidation of its claim against Trustmark with Trustmark's claim against the 76ers' and the Nets. See October 8, 2004 letter from AAA discussing October 7, 2004 conference call, a true and correct copy of which is appended to the 76ers' Arbitration Demand and marked Exhibit "D."

9.    On October 25, 2004, the 76ers filed their Answer and Defenses to Trustmark's Demand for Arbitration.  Therein, the 76ers asserted their objection to Trustmark's Demand for Arbitration on the ground that it violated the arbitration procedures set forth in the parties' arbitration agreement in that it set up a tripartite arbitration not contemplated in the arbitration agreement.  A true and correct copy of the Answer And Defenses Of Respondent Philadelphia 76ers L.P. To The Demand For Arbitration Of Trustmark Insurance Company is appended hereto and marked Exhibit "2."

10.    By letter dated October 15, 2004, counsel for the Nets advised the AAA that it objected to Trustmark's Arbitration Claim and in particular to the procedure sought to be invoked by Trustmark. A true and correct copy of counsel's October 15, 2004 letter is appended to the 76ers' Amended Complaint and marked Exhibit "E."

11.    Additionally, counsel for the Nets sent a second letter dated October 15, 2004 to Trustmark's counsel objecting to the Nets' inclusion in Trustmark's arbitration claim and the procedure sought to be invoked.  A true and correct copy of counsel's October 15, 2004 letter to Trustmark's counsel is appended to the 76ers' Amended Complaint and marked Exhibit "F."

12.    On October 11, 2004, counsel for the 76ers and the Nets conducted a telephone conference call for the purpose of addressing sequencing of claims and the consolidation issue raised by Trustmark.  Also participating in the call was Jeffrey A. Mishkin, Esquire, counsel for the NBA.  During the call, Mr. Mishkin advised the parties that the NBA viewed Trustmark's failure to pay the 76ers' claim as a breach of the Master Policy and Assignment negotiated by the NBA.  Mr. Mishkin sought Trustmark's consent to intervene in the 76ers' Arbitration Claim solely for the purpose of presenting evidence and argument in connection with the applicability of the Assignment.  Counsel for Trustmark did not consent to permitting the NBA to intervene

in the 76ers' arbitration claim.  Nor did the parties agree to a procedure for the sequencing of the parties' respective claims.

13.    On October 22, 2004, the NBA filed its own Statement of Claim against Trustmark with the AAA alleging that Trustmark's failure to honor the 76ers' claim constituted a breach of the Master Policy, Certificate of Insurance and the Assignment.  A true and correct copy of the NBA's Statement of Claim is appended to the 76ers Amended Complaint and marked as Exhibit "G."

14.    In an attempt to override the 76ers' objection to consolidation of the cases and the objections of the Nets and the 76ers to Trustmark's tripartite Arbitration Demand, Trustmark filed a Third Party Demand For Arbitration against the Nets in the 76ers' Arbitration case. A true and correct copy of Trustmark's Third Party Demand For Arbitration is appended to the 76ers' Amended Complaint and marked Exhibit "H."   Therein, Trustmark asserted identical claims against the Nets that it had asserted in its own Arbitration Demand filed against the 76ers and the Nets.

15.    By letter dated October 21, 2004, to the AAA, counsel for the 76ers objected to Trustmark's attempt to implead the Nets into the 76ers' arbitration claim as a third party defendant on the grounds that: (1) neither the parties' arbitration agreement nor the AAA's Commercial Arbitration Rules or Procedures for Large, Commercial Complex Disputes provides for the joinder of third parties to existing arbitration disputes; (2) the parties' arbitration agreement provides for bipartite arbitration proceedings under which each party is permitted to select its own arbitrator and the two party arbitrators select a third neutral arbitrator, and the joinder of the Nets, whose interests are divergent to the 76ers, is not contemplated under the arbitration agreement; and (3) Trustmark's joinder of the Nets in the 76ers' proceeding is an unwarranted attempt to consolidate the 76ers' Arbitration claim with

Trustmark's Arbitration claim. A true and correct copy of counsel's October 21, 2004 letter is appended to the 76ers' Amended Complaint and marked Exhibit "I."

16.    By letter dated October 21, 2004, to the AAA, counsel for the Nets also objected to Trustmark's attempt to implead the Nets into the 76ers' Arbitration claim. A true and correct copy of counsel's October 21, 2004 letter is attached to the Amended Complaint and marked Exhibit "J."

17.    By letter dated October 28, 2004, to the AAA, counsel for Trustmark agreed to withdraw from its Demand for Arbitration, without prejudice, its claim against the 76ers and proceed only against the Nets. Counsel for Trustmark acknowledged the "bottleneck" created by the inclusion of the 76ers as a party to its claim against the Nets. A true and correct copy of counsel's October 28, 2004 letter is appended hereto and marked Exhibit "3."

18.    Notwithstanding the acknowledged "bottleneck" created by Trustmark's tripartite arbitration proceeding, Trustmark continues to pursue its Third Party claim against the Nets in the 76ers' Arbitration claim against Trustmark. See Exhibit "3." By doing so, Trustmark seeks to litigate its claims against the Nets within the 76ers' arbitration proceeding and thereby create a tripartite arbitration. This is plainly inconsistent with the terms of the parties arbitration agreement and the rules of the AAA. It would furthermore serve to deny the 76ers of the protection of the Assignment and policy language that precludes Trustmark from basing its denial of the 76ers' claims on the acts or omissions of the Nets. One important intended benefit of the Assignment negotiated by the NBA is to allow teams who are assigned coverage in connection with the trade of a player to obtain payment of disability benefits without incurring the costs and expense of arbitrating whether the policy application contained material misrepresentations or omissions. If this matter is arbitrated with a tripartite arbitration proceeding and/or without a preliminary determination of the affect of the Assignment and

policy language, the 76ers will be deprived of this substantial benefit and will be forced to experience undue delay and to incur unnecessary costs. For these reasons, the 76ers' claim against Trustmark should proceed first, without consideration of Trustmark's contingent claim against the Nets.

19.    The arbitration agreement set forth in the Certificate of Insurance provides for arbitration of bipartite disputes under which each party is entitled to select an arbitrator and the two party arbitrators select a third neutral arbitrator. The arbitration agreement provides for neither the arbitration of tripartite disputes in cases where the interests of each of the parties is diverse, nor for the consolidation of claims involving multiple parties where their interests are diverse.

20.    The interests of the 76ers and the Nets are diverse because to the extent the 76ers' claim is rejected because of the acts or omissions of the Nets, the 76ers would have a claim against the Nets.

21.    The Certificate of Insurance containing the arbitration clause affects "commerce" within the meaning of 9 U.S.C. §1 because it was issued across state lines and therefore, affects "commerce among the several States" within the meaning of the statute. Moreover, the ability to assign of the Certificate of Insurance impacts the free transfer or players between the thirty NBA franchises doing business throughout the country.

22.    Because the contract in question is one that affects "commerce," the arbitration provision contained within it is "valid, irrevocable, and enforceable" within the meaning of 9 U.S.C. §2.

23.    "Valid, irrevocable, and enforceable" arbitration agreements may be enforced in a district court by means of "an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. §4.

24.     Trustmark has refused to arbitrate with the 76ers in accordance with the terms of its express contractual agreement and has separately attempted to frustrate the 76ers' right to a bipartite arbitration proceeding by filing counter arbitration demands, pursuing consolidation and third party joinder practice that is not authorized by the terms of the parties' agreement or the rules of the AAA, and seeking to assert defenses it has waived and that are based upon the activities of parties who are not properly made parties to any arbitration between the 76ers and the Nets.  A true and correct copy of the AAA's Commercial Arbitration Rules and Mediation Procedures (Including Procedures for Large, Complex Commercial Disputes) is appended hereto and marked Exhibit "4."

WHEREFORE, the 76ers request this Court to issue an Order declaring that the arbitrations filed by the 76ers and Trustmark proceed in the manner, both as to sequencing and substance, intended by the arbitration agreement contained in the Certificate of Insurance so that:

(i)  The appointment of a panel of arbitrators in the 76ers' Arbitration Action shall be completed in accordance with the procedure set forth in the parties' arbitration agreement;

(ii)  Trustmark shall dismiss its third party claim against the Nets in the 76ers' Arbitration Action;

(iii) The 76ers' Arbitration Claim and Trustmark's Arbitration Claim are stayed in order for the 76ers, NBA and Trustmark to submit to the arbitration panel selected in the 76ers' Arbitration Claim, the "preliminary issue" of whether the 76ers are entitled to be paid its Temporary Total Disability Claim with respect to Todd MacCulloch regardless of whether the Application submitted by the New Jersey Nets contained a misrepresentation and/or failed to disclose facts material to the risk.  The preliminary issue being whether the Assignment bars Trustmark from asserting any defenses or counterclaims against the 76ers (including the right to rescind the policy) based upon misrepresentations made or information provided by the Nets and/or Todd MacCulloch or any of their other acts or omissions;

(iv) The NBA shall be permitted to intervene in the 76ers' Arbitration Claim if it so desires, upon stipulation of the parties, solely for the purpose of presenting evidence and argument with respect to the preliminary issue to be decided by the arbitration panel selected in the 76ers Arbitration Claim;

(v) The preliminary issue shall be resolved on an expedited basis with limited discovery within ninety (90) days;

(vi) If the arbitration panel selected in the 76ers' Arbitration Claim rules that the Assignment and insurance contract language bars Trustmark from asserting a defense or counterclaim against the 76ers based upon the representations made or information provided by the Nets and/or Todd MacCulloch in the Application or any other act or omission they may have committed, then: (1) Trustmark shall within ten (10) days make payment of the amounts due and owing to the 76ers as of the date of that decision, and thereafter make those payments required under the policy as they accrue; (2) Any claim for extra-contractual damages the 76ers should elect to continue to pursue against Trustmark shall be arbitrated in the 76ers' Arbitration Claim; and (3) Trustmark and the Nets shall separately arbitrate any claims Trustmark wishes to assert against the Nets in Trustmark's Arbitration Claim;

(vii) If the arbitration panel selected in the 76ers' Arbitration Claim rules that the application of the Assignment and insurance contract language do not bar Trustmark from asserting a defense or counterclaim against the 76ers, the stay of the 76ers' Arbitration Claim and Trustmark's Arbitration Claim shall be lifted and the two arbitration cases shall proceed separately.

B.    The 76ers be awarded its costs in this proceeding; and

C.    The Court award Plaintiff any and all other relief to which it is entitled.

Dated:  November 3, 2004

Respectfully submitted:

COZEN O'CONNOR

By:_____
      Stephen A. Cozen
      Robert W. Hayes
      Lawrence D. Jackson
      1900 Market Street
      Philadelphia, PA 19103
      (215) 665-5530
      Attorneys for Claimant,
      Philadelphia 76ers L.P.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |
|---|---|
| PHILADELPHIA 76ERS L.P., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TRUSTMARK INSURANCE COMPANY, and | : |
| NEW JERSEY NETS BASKETBALL LLC, | : |
| | : |
| Defendants. | : |

Civil Action No.  04-CV-4972

---

**PHILADELPHIA 76ERS' L.P. BRIEF IN SUPPORT OF
MOTION  TO COMPEL ARBITRATION**

Philadelphia 76ers L.P. (the "76ers"), by and through its undersigned counsel, Cozen O'Connor, files this brief in support of its motion pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, seeking an order directing Trustmark Insurance Company ("Trustmark") to arbitrate in a manner provided by the parties' arbitration agreement and incorporates by reference the factual and legal allegations set forth in its Amended Complaint for Declaratory Relief and its Motion to Compel Arbitration as though the same were fully set forth at length herein.

**ARGUMENT**

In order to further use of arbitration as a method of expediting the disposition of commercial disputes and as a means of eliminating the expense and delay of extended court proceedings preliminary to arbitration, Congress provided an abbreviated procedure for obtaining specific enforcement of arbitration agreements.  National Railroad Passenger Corp. v. Missouri P.R. Co., 501 F.2d 423 (8th Cir. 1974).   Under §4 of the Federal Arbitration Act, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written

agreement for arbitration may petition any United States District Court … for an order directing that such arbitration proceed in the manner provided for in such agreement….” 9 U.S.C. § 4.

§ 4 of the Federal Arbitration act allows parties who believe their case is not being arbitrated, or is being arbitrated improperly, to petition the court for an order compelling arbitration on the proper terms.  Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer, 49 F.3d 323, 326 (8th Cir. 1995).  The “federal courts are charged with the initial task of interpreting the arbitration agreement to determine whether the parties agreed to arbitrate the particular dispute. … Although they cannot reach the merits of a particular dispute, the federal courts may play an important role in affecting arbitration.” Id.

Moreover, private arbitration agreements must be enforced “in accordance with the terms of the agreement. 9 U.S.C. § 4.  See Government of United Kingdom v. Boeing Co., 998 F.2d 68, 72 (2d Cir. 1993).  For example, “[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed ….” 9 U.S.C. § 5.  If the “method agreed upon by the parties for naming an arbitrator is explicit and unambiguous … [it] must be given controlling effect.”  McMahon v. Shearson/American Exp. Inc., 709 F.Supp. 369, 373 (S.D.N.Y. 1990), rev’d on other grounds, 896 F.2d 17 (2d Cir. 1990).

In this case, the Certificate of Insurance issued by Trustmark, under which the 76ers’ Demand for Arbitration was made, set forth the manner in which disputes arising from the insurance contract is to be resolved:

> **Arbitration:**  Any dispute arising from the contract between the Policyholder, the NBA or any Club on the one hand and BWD or US on the other hand, shall be submitted to binding arbitration. The Commercial arbitration Rules of the American Arbitration Association shall apply, except with respect to selection of the arbitration panel and location.

> Each party to the arbitration shall select one arbitrator. A third independent arbitrator shall be selected by the first two arbitrators. Arbitration shall be held in a location agreed to by the parties. If no location can be agreed upon, arbitration shall be held at the then current main corporate office of the American Arbitration Association. If the American Arbitration Association is not in existence or its offices unavailable, arbitration shall be held at Our home office.
>
> The costs of arbitration shall be borne equally by all the parties thereto.

This arbitration provision contemplates bipartite arbitration under which each party (or parties sharing identical interests) is permitted to select a party arbitrator and the two party arbitrators then select a third neutral arbitrator. The arbitration agreement provides for neither the arbitration of tripartite disputes in cases where the interests of each of the parties is diverse, nor for the consolidation of claims involving multiple parties where their interests are diverse. The interests of the 76ers and the Nets are diverse in this case because to the extent the 76ers' claim is rejected because of the acts or omissions of the Nets, the 76ers would have a claim against the Nets.

Trustmark has refused to arbitrate with the 76ers in accordance with the terms of its express contractual agreement and has separately attempted to frustrate the 76ers' right to a bipartite arbitration proceeding by filing counter arbitration demands and by pursuing consolidation and third party joinder practice that is not authorized by the terms of the parties' agreement or the rules of the AAA. It would furthermore serve to deny the 76ers of the protection of the Assignment and policy language that precludes Trustmark from basing its denial of the 76ers' claims on the acts or omissions of the Nets. One important indented benefit of the Assignment negotiated by the NBA is to allow teams who are assigned coverage in connection with the trade of a player to obtain payment of disability benefits without incurring the costs and expense of arbitrating whether the policy application contained material misrepresentations or omissions. If this matter is arbitrated with a tripartite arbitration

proceeding and/or without a preliminary determination of the affect of the Assignment and policy language, the 76ers will be deprived of this substantial benefit and will be forced to experience undue delay and to incur unnecessary costs. For these reasons, the 76ers' claim against Trustmark should proceed first, without consideration of Trustmark's contingent claim against the Nets.

For these reasons, the 76ers are entitled to relief under § 4 of the arbitration act requiring Trustmark to arbitrate in the manner contemplated by the parties in their arbitration agreement.

## CONCLUSION

For the foregoing reasons, the 76ers respectfully request this Court to grant the within Motion to Compel Arbitration and to issue an order directing Trustmark to arbitrate in the manner set forth in the parties' arbitration agreement.

Dated: November 3, 2004

Respectfully submitted:

COZEN O'CONNOR

By:_____
     Stephen A. Cozen
     Robert W. Hayes
     Lawrence D. Jackson
     1900 Market Street
     Philadelphia, PA 19103
     (215) 665-5530
     Attorneys for Claimant,
     Philadelphia 76ers L.P.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                         :

PHILADELPHIA 76ERS L.P.,          :     Civil Action No.  04-CV-4972
                         :

          Plaintiff,      :
                         :

          v.            :
                         :

TRUSTMARK INSURANCE COMPANY, and  :
NEW JERSEY NETS BASKETBALL LLC,   :
                         :

          Defendants.   :
_____:

## <u>ORDER</u>

AND NOW, this           day of November, 2004, upon consideration of the Motion of

plaintiff, Philadelphia 76ers L.P., to compel arbitration pursuant to 9 U.S.C. § 4 and all responses

thereto, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that:

> (i)  The appointment of a panel of arbitrators in the 76ers' Arbitration Action shall be completed in accordance with the procedure set forth in the parties' arbitration agreement;

> (ii)  Trustmark shall dismiss its third party claim against the Nets in the 76ers' Arbitration Action;

> (iii) The 76ers' Arbitration Claim and Trustmark's Arbitration Claim are stayed in order for the 76ers, NBA and Trustmark to submit to the arbitration panel selected in the 76ers' Arbitration Claim, the "preliminary issue" of whether the 76ers are entitled to be paid its Temporary Total Disability Claim with respect to Todd MacCulloch regardless of whether the Application submitted by the New Jersey Nets contained a misrepresentation and/or failed to disclose facts material to the risk.  The preliminary issue being whether the Assignment and policy language bars Trustmark from asserting any defenses or counterclaims against the 76ers (including the right to rescind the policy) based upon misrepresentations made or information provided by the Nets and/or Todd MacCulloch or any of their other acts or omissions;

(iv) The NBA shall be permitted to intervene in the 76ers'
Arbitration Claim if it so desires, solely for the purpose of
presenting evidence and argument with respect to the preliminary
issue to be decided by the arbitration panel selected in the 76ers
Arbitration Claim;

(v)  The preliminary issue shall be resolved on an expedited basis
with limited discovery within ninety (90) days;

(vi) If the arbitration panel selected in the 76ers' Arbitration Claim
rules that the application of the Assignment and insurance contract
language bars Trustmark from asserting a defense or counterclaim
against the 76ers based upon the representations made or
information provided by the Nets and/or Todd MacCulloch in the
Application or any other act or omission they may have
committed, then: (1) Trustmark shall within ten (10) days make
payment of the amounts due and owing to the 76ers as of the date
of that decision, and thereafter make those payments required
under the policy as they accrue; (2) Any claim for extra-contractual
damages the 76ers should elect to continue to pursue against
Trustmark shall be arbitrated in the 76ers' Arbitration Claim; and
(3) Trustmark and the Nets shall separately arbitrate any claims
Trustmark wishes to assert against the Nets in Trustmark's
Arbitration Claim;

(vii) If the arbitration panel selected in the 76ers' Arbitration
Claim rules that the Assignment and insurance contract language
do not bar Trustmark from asserting a defense or counterclaim
against the 76ers, the stay of the 76ers' Arbitration Claim and
Trustmark's Arbitration Claim shall be lifted and the two
arbitration cases shall proceed separately; and

(viii)  The 76ers are awarded its costs in this proceeding.

_____

Hon. Edmond V. Ludwig, USDJ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
:
PHILADELPHIA 76ERS L.P.,                        :        Civil Action No.  04-CV-4972
:
                     Plaintiff,                        :
:
           v.                        :
:
TRUSTMARK INSURANCE COMPANY, and       :
NEW JERSEY NETS BASKETBALL LLC,         :
:
              Defendants.                        :
_____:

## ORDER FOR RULE TO SHOW CAUSE

AND NOW, this         day of November, 2004, upon consideration of the foregoing

Motion to Compel Arbitration, it is hereby ordered that:

(1)     A Rule is issued upon the defendants to show cause why the

Philadelphia 76ers L.P. is not entitled to the relief requested;

(2)     The defendants shall file their respective responses to the

Motion to Compel Arbitration within         days of this date;

(3)     Argument shall be held on                              , 2004 in

Courtroom        of the United States District Court for the Eastern District of

Pennsylvania; and

(5)     Notice of entry of this order shall be provided to all parties by

the Philadelphia 76ers L.P.

BY THE COURT:

_____
     Hon. Edmond V. Ludwig, USDJ

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence D. Jackson, hereby certify that a copy of Plaintiff's Motion to Compel Arbitration was served on November 3, 2004 by regular, first-class mail to the following attorneys:

Jeffrey A. Rosenthal, Esquire
Cleary Gottlieb Steen & Hamilton
1 Liberty Plaza
New York, NY 10006
Attorneys for defendant,
Trustmark Insurance Company

Robert J. Kheel, Esquire
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019
Attorneys for defendant,
New Jersey Nets Basketball LLC

_____
Lawrence D. Jackson