IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILADELPHIA 76ERS L.P.          :     CIVIL ACTION
                                 :
v.                               :
                                 :     No. 04-4972
TRUSTMARK INSURANCE COMPANY, et al.  :

## ORDER - MEMORANDUM

AND NOW, this 10th day of December, 2004, upon oral argument, the motion of plaintiff the Philadelphia 76ers L.P. to compel arbitration is denied. Federal Arbitration Act, 9 U.S.C. §4. The motion to dismiss or transfer venue of defendant Trustmark Insurance Company is denied without prejudice. Fed. R. Civ P. 12(b)(6).

The 76ers and Trustmark are granted until Wednesday, December 22, 2004, within which to agree on a location for the hearing in Philadelphia 76ers, L.P. v. Trust Mark Insurance Company, No. 14 195 Y 01711 04, presently pending before the American Arbitration Association. If an agreement is not reached by that date, the arbitration shall proceed in New York in accordance with the terms of the arbitration forum selection provision.[1] This court shall retain supervision to enforce

---

[1] The "Certificate of Insurance" issued March 19, 2002 to the Nets insuring its player Todd MacCulloch, subsequently assigned to the Philadelphia 76ers, states, "Arbitration shall be held in a location agreed to by the parties. If no location can be agreed upon, arbitration shall be held at the then current main corporate office of the American Arbitration Association." See certificate, Exhibit "A" to plaintiff's amended complaint, at 11. A letter from Linda L. Beyea, a supervisor at AAA, dated October 8, 2004, states, "The parties agreed that the locale of the hearing . . . will be determined after the panel has been appointed." See Exhibit "A" to the "Memorandum of Law of Plaintiff Philadelphia 76ers L.P. in Opposition to Defendant Trust Mark Insurance Company's Motion to Dismiss or Transfer Venue and Motion for and Emergency Stay of Plaintiff's Pending Motion to Compel Arbitration." Former Third Circuit Chief Judge John Gibbons has been chosen as chair of the arbitral tribunal by the arbitrators selected by the 76ers and Trustmark. The location issue is now ready for determination by the parties in default of which the arbitration will proceed at the corporate headquarters of AAA, which are situated in New York City. Approximately 12 days should be sufficient time for the 76ers and Trustmark to reach an agreement if they are going to do so.

dockets.Justia.com

the arbitration forum selection provision in the event that the parties to the agreement do not comply with it.  Arbitrability is not an issue; however, hearing location remains unresolved.  Consequently, Trustmark's motion to dismiss or to transfer venue must be denied at this time.

As background, the 76ers acquired MacCulloch from the Nets in 2002 and received an assignment of the certificate of insurance issued by Trustmark under the "Master Policy" issued to the National Basketball Association covering professional basketball players.[2]  Thereafter, MacCulloch turned out to be permanently incapacitated.  Trustmark denied coverage, maintaining that the Nets' insurance application contained material misrepresentations.  An "ABSOLUTE ASSIGNMENT OF DISABILITY POLICY FORM," executed by the Nets, the 76ers and Trustmark at the time of the trade, contains a waiver of defenses assertable against the assignee.[3]  Trustmark's position is that the 76ers were privy to the misrepresentations.  According to the 76ers, $25 million is at stake.

Trustmark joined the Nets in the arbitration proceeding commenced by the 76ers and also filed a separate arbitration proceeding against the Nets.  The 76ers move this court to compel arbitration solely between itself and Trustmark and to direct that the arbitrators resolve, as a

---

[2] The "Certificate of Insurance" defines a "Temporary Total Disability":  "The inability of an Insured Player to perform the duties of a professional basketball player in the NBA which: 1. Is due to Injury or Sickness; and 2. Is certified by a Physician."

[3] In pertinent part, the form states, "Any defenses, counterclaims, or offset rights the Insurer may have against the Assignor are waived as against the Assignee."  See Exhibit "D" to plaintiff's Demand for Arbitration, appended as Exhibit "A" to plaintiff's amended complaint.

threshold issue, the efficacy of the waiver provision. The National Basketball Association also asks to be heard on this matter. Given the strictures of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., the 76ers' motion must be denied as outside our purview.[4]

BY THE COURT:

*s/ EDMUND V. LUDWIG*
Edmund V. Ludwig, J.

---

[4] "[A]n action to compel arbitration under the [FAA] accrues only when the respondent unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the subject matter of the dispute." Painewebber, Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995). Here, Trustmark has not refused to arbitrate. Instead, the arbitration has proceeded within the framework of the arbitration provision in the certificate. Procedural issues, such as the propriety of the joinder of the Nets in the 76ers' arbitration and the order in which substantive issues should be decided, are not within the scope of this court's limited role in FAA cases. "'The role of the courts is limited to determining two issues: i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected or refused to arbitrate.'" Jacobs v. USA Track & Field, 374 F.3d 85, 88 (2d Cir. 2004), quoting Shaw Group Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 120 (2d Cir. 2003); PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990)(before compelling arbitration under FAA, court engages in limited review to determine whether agreement to arbitrate exists and whether specific dispute falls within scope of agreement; merits are to be considered by arbitrators, not court).